United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW T. JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-00230 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Matthew T. Jones's petition for a writ of habeas corpus and Respondent Bobby Lumpkin's Motion to Dismiss. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the record, the Court is of the opinion that Jones's petition should be dismissed.

### I. Background

Jones is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He challenges his conviction and sentence for super aggravated sexual assault of a child.

1

Jones was convicted of super aggravated sexual assault of a child under six years of age in the 208th District Court of Harris County, Texas. On October 25, 2019, Jones pled guilty to one count of super aggravated sexual assault of a child under six years of age. The trial court sentenced him to a 25-year term of imprisonment. Jones's plea waived his right to appeal.

On March 2, 2020, Jones filed his first state habeas corpus application. The Texas Court of Criminal Appeals ("TCCA") denied the application without written order on March 30, 2022. SH-01 at Action Taken Page (Doc. # 12-4). Jones filed a second state writ application on October 11, 2022, which the TCCA dismissed as a subsequent habeas application. SH-02 (Doc. # 12-9).

Jones filed this federal petition on January 13, 2023, and the respondent moved to dismiss the petition as unexhausted and procedurally defaulted on May 11, 2023. Jones has not responded to the motion to dismiss.

## II.   Analysis

Jones challenges his conviction for super aggravated sexual assault of a child. He contends that he was arrested without probable cause, his statement and his identification were the fruit of that allegedly illegal arrest, he was not given his *Miranda* warnings, and he was coerced into making a statement. The respondent

2

argues that Jones did not raise any of these claims in his state habeas corpus application, and that they are therefore unexhausted and procedurally defaulted.

In his first state habeas application, Jones raised several claims concerning his mental health, his ability to understand his plea, and his competence to enter his plea. *See* SH-01 (Doc. # 12-1) at Bates Numbers 006-015. Jones's second state habeas application raised some of the same claims, along with a claim of ineffective assistance of counsel and a claim that his plea was involuntary because he is illiterate. Sh-02 (Doc. # 12-8) at Bates Numbers 007-011. He did not raise any of the claims raised in this federal petition in either state application.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that a prisoner exhaust his available State remedies before raising a claim in a federal habeas petition.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). As the Fifth Circuit explained in a pre-AEDPA case, "federal courts must respect the autonomy of state courts by requiring that petitioners advance in state court all grounds for relief, as well as factual allegations supporting those grounds." *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989). "[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000); *see* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."). Because Jones did not present his claims to the Texas state courts, he has failed to properly exhaust them, and this Court may not consider them. *Knox*, 884 F.2d at 852 n.7.

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed without prejudice, allowing the petitioner to return to the state forum to present his unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Such a result in this case, however, would be futile because Petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground. *Martin v.*

*Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). A procedural bar for federal habeas review also occurs if the court to which a petitioner must present his claims to satisfy the exhaustion requirement would now find the unexhausted claims procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas prohibits successive writs challenging the same conviction except in narrow circumstances. Tex.CodeCrim.Proc.Ann. art. 11.071 § 5(a). The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; or
> (3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071, 37.0711, or 37.072.

*Id.* The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Jones does not claim that he could not have presented his claims in state habeas petition because the factual basis for the claim did not exist, or that he is actually innocent. Therefore, Jones's unexhausted claims do not fit within the exceptions to the successive writ statute and would be procedurally defaulted in the Texas courts. *Coleman*, 501 U.S. at 735 n.1. That bar precludes this Court from reviewing Petitioner's claims absent a showing of cause for the default and actual prejudice attributable to the default, or that this Court's refusal to review the claim will result in a fundamental miscarriage of justice. *Id.* at 750. Jones does not show cause and prejudice or that he will suffer a fundamental miscarriage of justice. Accordingly, Jones's petition is unexhausted and procedurally defaulted, and he is not entitled to federal habeas corpus relief.

### III.   Certificate of Appealability

Jones has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such

a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that the petition is unexhausted and procedurally defaulted. Therefore, Jones has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

## IV.     Order

For the foregoing reasons, Respondent Bobby Lumpkin's Motion to Dismiss (Doc. # 11) is GRANTED, and Matthew T. Jones's's Petition for Writ Of Habeas Corpus (Doc. # 1) is DENIED and is DISMISSED WITH PREJUDICE. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on March 13, 2024, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge